EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* DOMINGO RIVERA, acusado y apelante.

No. 3030.—*Visto:* Febrero 15, 1927. *Resuelto:* Mayo 6, 1927.

1 ACOMETIMIENTO Y AGRESIÓN—RESPONSABILIDAD CRIMINAL—PROCESO Y CASTIGO —DE LA ACUSACIÓN O DENUNCIA — SUFICIENCIA DE LA MISMA — ACOMETIMIENTO CON AGRAVANTES O GRAVE.—Una denuncia en la que se alega que el acusado acometió con una navaja barbera, que es un arma mortífera, a una persona determinada, tirándole varias veces con ella, sin lograr herirle, imputa un delito de acometimiento grave.

2. ACOMETIMIENTO Y AGRESIÓN—RESPONSABILIDAD CRIMINAL—PROCESO Y CASTIGO —DE LA ACUSACIÓN O DENUNCIA — SUFICIENCIA DE LA MISMA — ACOMETIMIENTO CON AGRAVANTES O GRAVE.—La agravante a que se refiere el No. 3 del artículo 6 de la Ley sobre acometimiento y agresión (Comp. 5664), no

deja de existir porque no se diga en la denuncia que las circunstancias en que se realizó el acometimiento no revestían la intención de matar o mutilar, especialmente cuando de la propia denuncia resulta que no hubo tal intención.

Sentencia de *Domingo Sepúlveda,* J. (San Juan), condenando al acusado por delito de acometimiento grave. *Confirmada.*

*Angel A. Vázquez,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Domingo Rivera fué denunciado en una corte municipal por el delito de acometimiento con circunstancias agravantes porque "voluntaria y maliciosamente y con intención premeditada de agredir a Francisco Feliciano, lo acometió con una navaja barbera, que es un arma mortífera, tirándole con ella varias veces, no pudiendo lograr herirle por haber dicho Francisco Feliciano esquivado el cuerpo y por la pronta intervención del denunciante."

Conociendo del caso la Corte de Distrito de San Juan en grado de apelación condenó a Rivera por el delito de acometimiento grave y en el recurso que ha interpuesto contra esa sentencia alega como único error de la corte sentenciadora el haberle declarado culpable del delito de acometimiento grave, siendo la denuncia insuficiente para ello y hasta para constituir materia delictiva.

Dice la sección primera de la Ley para determinar y castigar el delito de acometimiento (Compilación 1911, sección 5659) que "Todo acto ilegal de inferir algún daño violento en la persona de algún semejante con la intención de causarle daño cualquiera que sean los medios o el grado de violencia que se emplearen, constituirá un delito de acometimiento y agresión. Toda tentativa para cometer una agresión, o cualquiera señal de amenaza que demuestre en sí o con palabras una intención inmediata acompañada de aptitud para cometer la agresión, será considerada como un acometimiento."

[1] De acuerdo con esa definición de la ley la denuncia

imputa al apelante el delito de acometimiento porque al decir que acometió con una navaja barbera, que es un arma mortífera, a Francisco Feliciano tirándole varias veces con ella sin lograr herirlo, no sólo le imputa el acto de acometer. sino también la actitud en que estaba de inferir un daño violento a Feliciano con la navaja y una intención de causárselo.

Una de las circunstancias que agravan el delito de acometimiento es la especificada en la sección sexta, No. 8, de dicha ley, que dice así: ''Cuando se cometiere con armas mortíferas en circunstancias que no revistiesen la intención de matar o mutilar.'' La denuncia imputa al apelante que acometió a Francisco Feliciano con una navaja barbera, que es un arma mortífera, pero dice el apelante que no se le imputa tal agravante porque no dice que el acometimiento se hizo en circunstancias que no revistiesen la intención de matar o mutilar.

[2] La característica de esa agravante es que el acometimiento se realice con arma mortífera, sin que deje de existir tal agravante por no decirse en la denuncia que las circunstancias en que se realizó el acometimiento no revestían la intención de matar o mutilar, porque de los términos en que está redactada la denuncia resulta que no hubo la intención de matar o mutilar y porque la omisión de esas palabras en la denuncia en nada perjudica al apelante.

*La sentencia apelada debe ser confirmada.*